Ms. Leslie, we'd be pleased to hear from you. Thank you, Your Honor. Good morning. I appreciate you hearing me today. May it please the Court, I just want to start out by pointing out what an extraordinary case we have here with Mr. Zoukis. After being convicted of a serious felony offense, serving 11 years in prison, and being subject to intensive community supervision for a number of years now, he's done by any stretch of the imagination what most would consider impossible for a man in his circumstances. He's earned a college degree, a graduate degree, and a law degree. He's had a family, he's gotten married, and he presents himself today in December 2023 as an indelible asset to society. And if that doesn't seem, if it would be enough, Mr. Zoukis is further striving to excel and pursue a career in law. And although he has shown every aspect of acceptance of his actions, of rehabilitation, and of looking towards the future, he remains tethered under community supervision. The district court denied your motion to terminate the supervised release without prejudice. And the government offered no objection. They didn't resist that. Is there a decent chance, you probably have a better feel for it than I do, that the motion will be renewed to terminate the supervised release within a reasonable time? I say that because this individual does seem to me to have made a concerted effort to turn his life around and to start off on a good path. And I'm not sure that you can get around the waiver, but I don't think that necessarily dooms your case. Be nice if there could be some consensus among the district court and the government and you all. And you seem to have come close to it last time because the district court recognized that your client had presented a strong case and the government didn't object. And so what I'm wondering is it might be a nice moment if the different parties could come and give some recognition of Virginia from all I can to the genuine steps this individual has taken to put his life on a constructive path. That would be a nicer way to do it. Speaking purely for myself, it's harder for me to get around the appeal waiver and to reverse a district court on it. But it's not hard for me at all to say that you seem to be within several inches of a consensus on this matter, which would give this individual credit for what he's done. I mean, there's a background here. The collection of pornographic materials was voluminous and very unfortunate. There's no excusing that. But you don't ask that it be excused. And he is recognizing himself that this collection was inexcusable. But is there a chance? I'll ask the government the same question. I don't know. Is there a chance that things could come together in as much as the dismissal of the motions was without prejudice? Well, I certainly hope so, Your Honor. I think in the case of Mr. Zookas, if someone was ever worthy of such a remuneration. Oh, wait. He's a repeat offender. This child pornography that he possessed was after his conviction for inappropriate behavior with 13-year-old. He should have lifetime supervision. So he's lucky to have the six-year supervised release. And then after 30 months, wants to be released early. So I don't understand why he's fighting this. He's lucky to be in the position he is in. And I'm with Judge Wilkinson. He could just wait and refile and perhaps get out early or perhaps do the mere six years supervised release he got instead of the lifetime supervision he perhaps deserved. Yes, ma'am. I certainly agree with that. He could have gotten a lifetime supervision order. He could have gotten more prison time. But the sentencing judge, Judge Thornburg, I believe, granted a gave him that kind of a motion, downward departure, downward variance. Yes. Yes, sir. So I think it just kind of what 14, 15 years ago. Yes. And 2006, 2007. So to go back to Judge Stacker's question or comment, the sentencing judge, obviously, it was a question, why not just wait and go back, like Judge Wilkinson says, and refile since the denial of the early release was without prejudice. And we would be willing to do that. I think Mr. Zookas' main thrust of this is that he wants to be able to practice law. Did he graduate from law school? Yes, he has. He graduated in 2022. Is he taking the bar exam? So that's the issue. He has to go through the character and fitness process before he's able to sit through the bar. And he's contacted a multitude of states, including South Carolina and Vermont. And they say that community supervision is a barrier, especially in terms of computer usage, which inhibits his ability to take the bar exam. Yes. But his prior convictions for sexual offenses wouldn't. Well, according to Mr. Zookas, he's reached out to various state bars, and Vermont apparently is fairly liberal. Sorry, Judge, did I interrupt? No, go ahead. Vermont is fairly liberal in who they allow to sit for their bar. So that's the main thrust of why he wants off early. He wants to go ahead and continue this path of rehabilitation instead of being tethered to the certain... Could you give a more straightforward answer to Judge Thacker's question? Because that interested me a lot. Even if the supervised release was terminated, would the convictions still present a barrier to taking the bar? I wish I could answer that. I think that's more of a question for the state bar. You don't know? That's a good answer. Yes, it is. I don't want to tell you something wrong. I think that's a question for the state bar of whatever it is. You don't know? No, I do not know. Okay. You all must think this would help him. Yes. To get out from under the supervised release. Yes. Okay. What about... Nobody's talked about the waiver. Yes. The government's relied on it here. Did they rely on that? They didn't make a motion about waiver before Judge Reidinger, correct? Yes, they did not. They did not. So how do they bring that up now? You all haven't challenged that, but we normally don't review issues except for plain error that are raised first on appeal. Why haven't you all complained about that? We did address it. The waiver was not asserted before Judge Reiding. Yes, it was not. It's asserted on appeal. So is the argument that the motion was all right, consistent with the waiver, impliedly anyway, but the appeal's not? Am I missing something? They're saying that he's waived the right to do this. I think that's one of the main issues. Pardon? I think that's one of the main issues. Judge Reidinger didn't say he waived this. And we then would review whether the waiver was correctly interpreted. It's first asserted in this appeal. Right. And so did we review it for plain error? I'll have to ask the government, I reckon. They raised it. Yes. All these asserted defendants didn't raise their positions timely, but I just threw that out there. It looks to me like we're going to deal with the merits of this because the government probably waived the waiver. Yes, I think that's the general issue is that have now brought this up after the original action. And we were particularly surprised by that. And I think that argument is completely cut off because of the existence of the early termination statute itself. There's no differentiation between defendants that plead guilty and sign a waiver versus defendants who go to trial. It's for everybody who's served at least one year of termination. And of course, these waivers are appealed all the time. I mean, they do them. We recognize them. But here, they didn't assert it in the district court in the context of this proceeding. Yeah. And I understand the record. I think it's about the understanding of the record. Yes. I mean, addressing the waiver period and a point I want to make is it's frankly ambiguous. The government has all the power in this situation. And if they anticipated this as an issue, I mean, they should have put it in there. But I think the main thrust of this is that nobody really anticipated this. I don't think Mr. Zookas anticipated such extraordinary rehabilitation on his part, but he's done so. And I think for the government to now assert such a hyper-technical argument kind of backtracking is unfair to Mr. Zookas. How long had Mr. Zookas been on state supervised probation when he re-offended while on probation the first time? I believe it was around a year or two. It was so long ago. Right. Okay. And he wants office supervision now at 30 months, correct? Yes, ma'am. I believe he started in 2018. So now it would be around four years, four or five years at this point out of six. But again, Your Honor, I just want to put forth the extraordinary rehabilitation we have in front of us. And I think that is the main thrust of this argument is that we have- But it's correct that regardless of what happens with this appeal, you have a right to go back and seek the same relief again. Yes, if it is not barred by the appellate waiver. Because the denial was without prejudice. I'm sorry, could you repeat that? The denial of their motion was without prejudice. Yes. So you can go back and make it again. That's what without prejudice means, isn't it? Yes. If you can pursue it again. Yes. So if you lose the appeal, you can go back and make another motion. If this court- Apparently. Yeah, if this court does not decide that it is barred by the appellate waiver. Well, if you lose this appeal, you can go back. I mean, it's without prejudice. The denial is without prejudice. But the government conceded originally, and then now they say you can't make the appeal. You can ask them, but I guess it's- They say you can make the motion, but you can't appeal under the waiver. No, anyway, we'll pass that. Thank you, Your Honor. I will- I think if no one has any more questions, I'll turn it over to my colleague from the government. Well, thank you very much. Ms. Green, I wonder if I could just ask you what I- ask your opposing number here, and that is- I think that the- Speaking purely for myself, I think the government has a good argument on the waiver, because this isn't a question of ineffective assistance of counsel. It's not a question of ineffective assistance of counsel. It's a question of whether or not it has release as part of a sentence. And so, for all- for those three reasons, it would seem you have a strong position. But I was- was struck by the fact that as- as horrible as this was and as the- as the and that this individual has made far more substantial- I mean, Judge Thacker is right, that he received a considerable break in getting the supervised release to begin with. That was at his request, and he received that break. But he took advantage of it. And so- so often, we- we- we have these revocation hearings where people have violated the terms of supervised release. But this person didn't do that. He did exactly the opposite. As far as I'm concerned, as far as I could read from the record, he didn't violate a single term of supervised release. And as I say, most of these come up on revocation hearings or whether the conditions were related to the 3583 factors or whatever. This was sort of a usual thing, because supervised release, among other things, is to give people a chance to rehabilitate themselves and to turn their life in a positive direction. And so, this individual seems to me to have done that. He seems to me to have taken positive steps to turn his life around, which is exactly what you would hope supervised release would accomplish. And I'm just wondering, and I'll pose the question again, isn't there some chance, given that this was dismissed without prejudice, and given the fact that you didn't interpose a positive objection, isn't there some chance that this is one of those things that could end on a constructive note by trying to make it possible for this individual to pursue his legal career and make a contribution to society in that way? I mean, is there a chance that things could come together here? Well, certainly, we wouldn't oppose another motion. However, that motion would have to take— Can you speak up for me? Certainly wouldn't oppose another motion in terms of their making it. However, it would have to rely on the evidence as it is now. We can't make a representation based on the evidence as it was before. Well, I understand that, and I'm not trying to lean on you for any concession. I just thought if you could volunteer, whether there's a chance that the government would move a posture of non-objection to actually a joint motion for termination, that would be the next step. Say we're in a position of non-objection, and we now wait to file a joint motion. I think you would want to wait a little bit of time, a suitable amount of time, before the motion was renewed after the earlier denial. But it is without prejudice, and I suspect that the district court expected when he dismissed without prejudice that a follow-up motion would be made. So I'm just speaking for myself, but it's nice occasionally to see things in on a happier note. Is that possible? I understand, Your Honor. I'm aware of facts that are not in the record that I do not wish to- Right. I'm sure the government would want to wait to make any representation at, if there is a future motion, to see whether he has continued to not violate his supervision since he didn't violate his state probation either until he did. And it was only, he's only been toeing the line, as far as we know, for 30 months. Correct. So I think when the district court denied the motion without prejudice, it was trying to set up and suggesting to Mr. Zookas what he might need to address if he were to make another motion. And in fact, he hasn't, in that intervening time, made such a motion. I would like to briefly address your point, Judge King, as to why we didn't raise the waiver below, and that's because we're asserting the appellate waiver, not a waiver before the district court. And we're otherwise content to rest on our briefs with respect to the waiver issue. Why haven't you abandoned that by not presenting it to the district court? Because the district court is not a court of appeals, so we wouldn't have- No, we are the court of appeals, and you're asking us to review the issue that you didn't present, the waiver, the effectiveness of this so-called waiver. So you're saying he can ask the district court for relief but can't appeal? Correct. Okay. And that that's what the waiver says, but that's not what it says? Well, I think- You can't just interpret it that way. Rewrite it for you. I think the waiver- What's the standard, and what possible standard of review do we have for that kind of assertion? What standard of review do you have for- Standard of review. For, I'm sorry, for which assertion? For your review and your waiver assertion. Is it a plain error or a harmless error? So they didn't raise any issue with respect- No, but you're saying we need to interpret the waiver now. It's de novo review. It's an issue of law whether or not the waiver applies to his appeal. Looking to what the district court did in terms of exercising its discretion, this court in Pregent recognized that this is not, when we're talking about early termination of supervised release, this is not solely a conduct-based inquiry. You also look to the factors under 3553A that the court has set out, including the types of sentences that were available. And I think Judge Thacker pointed out that, in fact, generally for sex offenses, a lifetime term of supervised release is what's advised. Here there was a- Basically a repeat offender. He was a repeat offender. And in fact, he offended, he committed the child pornography offenses only two months after he was on probation for the state indecent liberties with a child. Maybe that's why he thinks he should get credit for 30 months of not violating. I do think that Congress, you know, recognized sex offenses are difficult cases and the need by many sex offenders for long-term and in some cases lifelong monitoring and oversight is apparent. And so the district court was properly exercising its discretion to protect the public. And in recognition of the fact that Mr. Zookas had done very well, it was continuing that oversight to help him along that journey. He had not only issues with respect to the prior sex offenses, he was a criminal history category four. He also had problems with alcohol and drug abuse, mental health issues. So it was a complex situation. And the district court, I think, was trying to make sure that Mr. Zookas would have the help that he needed, would have the oversight that would protect the public and keep him on the right path. If there are any further questions, I'm happy to- I think it would be possible, and I think Judge King alluded to this a bit earlier, so we could say in an order, regardless of the waiver and the disposition of any appeal on the merits, we do know that the district court would dismiss without prejudice and would expect the after a suitable amount of time to come back and could make note of the government's non-opposition. All of this we could do without actually deciding the merits of the appeal, which was whether the district court abused its discretion in denying a termination of supervised release. Isn't it a hard thing to say that the district court abused its discretion? That's a hard thing to do, given the facts here. And it's also a hard thing to do to say that this waiver was ineffective because it isn't a question of ineffectiveness of counsel or whatever. But it's a little bit easier to say, regardless of the waiver, we don't resolve the appeal on its merits. We dismiss it according to the waiver, but it's not impermissible to know that the government was in a position of non-opposition initially and the dismissal was without prejudice. And maybe this will all end on a happy note, and maybe the next 20 or 30 years we'll find that this was an individual that really made a constructive contribution and learned from the second chance he was given. And it's nice to see a defendant taking those opportunities, Your Honor. I do think the court needs to either dismiss on the waiver or address the appeal. I think noting the fact that he can return to court that the dismissal was without prejudice is helpful, but I do think we need a decision one way or the other for the district court. All right. Well, thank you, Judge King, Judge Thacker. Do you all have further questions? No, I don't. Thank you. Okay. Sorry. Thank you. I just want to address the appellate waiver again. The appellate waiver just didn't address early termination, and I think the government cannot come forward now asserting that this is some type of an ambiguous collateral attack, as they've addressed in the waiver. I think the existence of the statute itself precludes any type of appellate waiver argument. I mean, why else would it exist if not to be used? And the fact that they have asserted at this stage now, I mean, we could consider his motion to terminate in the district court a type of appeal anyway. He's been given this unified sentence, and he has now decided that he wants to early terminate that. Again, the government has the power in this situation, and frankly, if they wanted to stop this from happening, or stop the appeal, they should have been more concrete in the waiver itself. Well, all I'm suggesting to you is, again, I'm just speaking purely for myself here, that I think it's a harder road to try to prove this waiver invalid given its terminology, and I think it's a harder road if we ever got past that. We would then face the additional difficulty of overturning a denial of termination for abuse of discretion, and that's a hard thing to do because the district court didn't. I mean, the district court, in fact, gave an extended termination, an extended period of supervised release. He cut him a break. It'd be a hard thing to say, well, you cut him a break, and now you've abused his discretion and not cutting him a greater break. So what I'm suggesting is it just might be easier, and more of a, it might take less time resulting in a more straightforward thing if this were something on which people might come together. I'm not suggesting that they will, but it's not impermissible to be hopeful on occasion. That's all I'm saying. And I agree with you, Judge Wilkinson. I just think that Mr. Zucas can apply again, but he shouldn't have to. He deserves the relief now. He's shown everything the government and the BOP, the Bureau of Prisons, and his probation officers have wanted. He has walked this incredible road of rehabilitation. And the standard that early termination requires is the conduct of the defendant in the interest of justice. And in the case of Mr. Zucas, the interest of justice demand that such supervision be terminated. Thank you. If you don't have any more questions. We thank you. And we thank both of you. We appreciate it very much. And we will adjourn court now and ask our courtroom deputy to clear the courtroom. And then we will come back and Judge Thacker will join us here and we will conference our cases. Thank you.
judges: J. Harvie Wilkinson III, Robert B. King, Stephanie D. Thacker